IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ADOLPH NARVAIS, | ) | Case No. 11-20583 |
| | ) | Chapter 13 |
| Debtor. | ) | |

FILED

3:36 pm, 10/21/11

Tim J. Ellis
Clerk of Court

## MEMORANDUM OPINION DENYING CONFIRMATION OF THE FIRST AMENDED CHAPTER 13 PLAN DATED JULY 22, 2011

On September 20, 2011, this matter came before the court for an evidentiary hearing on confirmation of the First Amended Chapter 13 Plan dated July 22, 2011, ("First Amended Plan"), filed by Adolph Narvais ("Debtor") and the objection filed by Mark Stewart, the Standing Chapter 13 Trustee ("Trustee"). The court has considered the testimony and other evidence, arguments of the parties, applicable law and is prepared to rule.[1]

The Debtor filed his chapter 13 bankruptcy petition on May 23, 2011. He filed his original chapter plan on that same date. The court held a hearing on that plan on July 19, 2011 and denied confirmation. Subsequently, the Debtor filed the First Amended Plan that is now before the court for consideration.

The Trustee objected to confirmation of the First Amended Plan, alleging that: (1) the Debtor had not provided all requested documents to the Trustee for review; and, (2) the Debtor does not propose to apply all of his projected monthly disposable income to

---

[1] Unless otherwise indicated, all statutory reference are to the Bankruptcy Code, Title 11 of the United States Code.

pay his non-priority, unsecured creditors. At the hearing, the Trustee reported that the requested information had been received. Therefore that issue has been resolved.

There are two issues before the court: (1) whether a Debtor may retain a whole life policy and apportion an estimated premium for a term life policy as a partial deduction for the life insurance expense on Form 22C; and, (2) the Debtor argues that due to the Debtor's change of circumstances that resulted in the decrease in his income and the application of *Lanning*,[2] the court should consider Debtor's Amended Schedule I and J to determine the Debtor's monthly net income.

**Facts**

The facts are uncontested. On the date that the Debtor filed his bankruptcy petition, the calculations of Form 22C determined that he was an above-median income debtor for a household size of two in the state of Wyoming. Therefore, his applicable commitment period is five years or sixty (60) months. Since filing, the Debtor's income substantially decreased.

Mrs. Bonnie Narvais testified that (1) she is the Debtor's wife; (2) she is not a debtor in this bankruptcy case; (3) she handles the family finances; and, (4) the Debtor has a whole life insurance policy, that he has had for many years. Originally, the Debtor deducted the premium for his whole life policy on his original Form 22C in the amount of $250.00. When the Trustee questioned the type of life insurance policy and the amount,

---

[2] *Hamilton v Lanning*, 130 S. Ct. 2464 (2010).

Page 2

Mrs. Narvais obtained an estimate for the cost of a term life policy. The Farmerlife Term Life Quick Rater (Exhibit A) stated that the amount was "to suggest estimates only," and "should not be considered a statement of absolute fact. The estimated rate was based upon a 54-year old, non-smoking male, similar to the Debtor. The Debtor appears to have used the rate for a "Standard" 20-year term for the amount of $158.60. No testimony was provided for the basis of determining the policy's term. The Debtor deducted amounts similar to that amount on his Amended Form 22C and Amended Schedule J for the purpose of determining the amount of Debtor's projected disposable income.[3]

**Discussion**

If the trustee objects to confirmation of the plan, the court may not approve the plan unless, as of the effective date of the plan, the plan provides that all the debtor's projected disposable income to be received during the term of the plan will be applied to make payments to unsecured creditors under the plan.[4]

In the case before the court, the Trustee objects to the Debtor's life insurance deduction as it is not the actual cost for a term life policy, but an estimated amount that a term life policy may cost the Debtor, while he maintains his whole life policy. The Trustee argues that the amount of the deduction, if disallowed, would provide additional distributions to unsecured creditors.

---

[3] Debtor deducted $157.00 on Amended Form 22C, Line 32 and $160.00 on Amended Schedule I, line 11.
b.

[4] 11 U.S.C. § 1325(b)(1).

Under the Bankruptcy Code, "disposable income" means "current monthly income received by the debtor...less amounts reasonably necessary to be expended..."[5] Amounts reasonably necessary to be expended "shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2)."[6] The debtor's monthly expenses "shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides..."[7]

Life insurance is an "Other Necessary Expense" under the IRS Collection Financial Standards ("Standard"). The Standards are used to determine an individual's basic living expenses. If the standards are inadequate then actual expenses may be allowed, if supporting documentation is provided.[8] These Standards were adopted by the enactment of Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

The court finds that whole life policies are savings devices and not necessary for an individual's basic living expenses and that the "actually monthly expenses" language of § 707(b)(2) is controlling. Additionally, this Debtor proposes to keep and pay that portion of the premium on his whole life policy that is attributable to replace his income

---

[5] § 1325 (b)(2).

[6] § 1325(b)(3).

[7] § 707(b)(2)(A)(ii)(I).

[8] www.irs.gov , Collection Financial Standards.

to protect his dependents financially if the Debtor dies and pay the balance of the whole life premium from an outside source. If the Debtor has an outside source of income, that income should be included in his income for the purposes of distributions to his non-priority unsecured creditors. Therefore, the court disallows Debtor's deduction for the life insurance expenses in life insurance in the amount of $157.00.

Statutory requirements for calculating a debtor's projected disposable income

Debtor's counsel argues that the court should consider the Debtor's Amended Schedules I and J to determine the projected disposable income due to the decrease in the Debtor's income. This issue was succinctly discussed in a recent District of Colorado Bankruptcy Court decision which states,

> "the method by which disposable income is calculated for above-median income debtors is statutorily mandated in 11 U.S.C. §1325(b)(2). Bankruptcy Form B22C is the procedural form that reflects those required calculations and provides the parties with a method of stepping through them in a consistent and organized manner. Thus, it is the Form B22C that controls a court's §1325(b) analysis, not a debtor's Schedule I and J.
>
> The United States Supreme Court's holding in *Lanning* does not suggest that the courts are free to abandon the Bankruptcy Abuse Prevention and Consumer Protection Act's statutory framework for calculating projected disposable income for above-median income debtors when they account for changed circumstances. The most transparent method of demonstrating compliance with §1325(b)(2), 707(b)(2) is filing an amended Form B22C that reflects the debtor's changed circumstances as of the confirmation hearing date.
>
> ...in any changed circumstances case that proceeds to an evidentiary hearing on the issue of disposable income, the U.S. Bankruptcy Court for the District of Colorado, expects a debtor to file an amended Form B22C

reflecting the circumstances existing at the time of confirmation"[9]

This court concurs with and adopts the Colorado Bankruptcy Court's analysis regarding its use of Form 22C. The Debtor is an above-median income debtor. Therefore his projected disposable income is calculated by Form 22C.

For the reasons stated, the Debtor's First Amended Chapter 13 Plan dated July 22, 2011 cannot be confirmed. This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 21 day of October, 2011.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
Ken McCartney
Mark Stewart

---

[9] *In re Moore*, 446 B.R. 458 (Bankr. D. Colo. 2011).